

## NUMBERS 13-09-00672-CR &
## 13-09-00673-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**VERNON HEMPHILL,**        **Appellant,**

**v.**

**THE STATE OF TEXAS,**        **Appellee.**

### On appeal from the 117th District Court
### of Nueces County, Texas.

### MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Perkes
Memorandum Opinion by Chief Justice Valdez**

In appellate cause number 13-09-00672-CR, appellant, Vernon Hemphill, was charged by information with unlawful possession of less than one gram of a controlled substance, a state-jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a)-(b) (Vernon 2010). In appellate cause number 13-09-00673-CR, Hemphill was charged by

indictment with unlawful possession of a controlled substance with intent to deliver, a second-degree felony. *See id.* § 481.112(a), (c) (Vernon 2010). Pursuant to agreements with the State, Hemphill pleaded "guilty" to: (1) the offense of unlawful possession of less than one gram of a controlled substance in appellate cause number 13-09-00672-CR; and (2) the lesser-included offense of unlawful possession of more than one gram but less than four grams of a controlled substance, a third-degree felony, in appellate cause number 13-09-00673-CR. *See id.* § 481.115(a), (c). The trial court accepted Hemphill's pleas, sentenced him to two years' confinement in appellate cause number 13-09-00672-CR and seven years' confinement in appellate cause number 13-09-00673-CR, suspended the sentences, and placed him on community supervision for a period of four years.

While Hemphill was on community supervision, the State filed a motion to revoke Hemphill's community supervision in both cause numbers, alleging that he had violated several provisions of his community supervision.[1] Hemphill pleaded "true" to all of the allegations contained in the State's motions to revoke. The trial court accepted Hemphill's pleas and revoked his community supervision. The trial court sentenced Hemphill to: (1) a two-year term of confinement and ordered him to pay $120 in court costs in appellate cause number 13-09-00672-CR; and (2) seven years' confinement in the Institutional Division of the Texas Department of Criminal Justice and ordered him to pay $120 in court costs in appellate cause number 13-09-00673-CR. The sentences imposed in the two cases were ordered to run concurrently with one another. Hemphill

---

[1] In its motions to revoke, the State alleged that Hemphill violated his community supervision by failing to complete his outpatient substance abuse aftercare program and testing positive for, among other things, tetrahydrocannabinol and cocaine.

2

subsequently filed motions for new trial in both cases, which were overruled by operation of law. *See* TEX. R. APP. P. 21.8(a), (c). These appeals followed.[2]

Hemphill's appellate counsel, concluding that there are "no arguable grounds for reversal," filed an *Anders* brief in each case, in which he reviewed the merits, or lack thereof, of the appeals. We affirm.

## I.     *ANDERS* BRIEF

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), Hemphill's court-appointed appellate counsel has filed briefs with this Court, stating that his review of the record yielded no grounds or error upon which an appeal in either cause number can be predicated. Although counsel's briefs do not advance any arguable grounds of error, it does present a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced in either appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.–Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), Hemphill's counsel has carefully discussed why, under controlling authority,

---

[2] In appellate cause number 13-09-00672-CR, the trial court, on November 3, 2009, noted that Hemphill had waived his right to appeal his conviction and sentence. However, in appellate cause number 13-09-00673-CR, the trial court, on September 3, 2008, certified Hemphill's right to appeal. Given these certifications, Hemphill's appellate counsel filed motions with this Court, which were carried with the cases, requesting that we permit him to appeal his conviction and sentence in both appellate cause numbers. At this time, we GRANT Hemphill's motions to permit appeals in both cases.

there are no errors in the trial court's judgments.  Counsel has informed this Court that he has:  (1) examined the record and found no arguable grounds to advance in either appeal, (2) served a copy of the briefs and counsel's motions to withdraw on Hemphill, and (3) informed Hemphill of his right to review the record and to file a pro se response in both matters.[3]  *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23.  More than an adequate period of time has passed, and Hemphill has not filed a pro se response in either case.  *See In re Schulman*, 252 S.W.3d at 409.

## II.    INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous.  *Penson v. Ohio*, 488 U.S. 75, 80 (1988).  We have reviewed the entire record and counsel's briefs and have found nothing that would arguably support an appeal in either matter.  *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.  Accordingly, we affirm the judgments of the trial court.

## III. MOTION TO WITHDRAW

---

[3] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered.  Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues."  *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

In accordance with *Anders*, Hemphill's attorney has asked this Court for permission to withdraw as counsel in both cases. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motions to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment in each case to Hemphill and advise him of his right to file petitions for discretionary review.[4] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

_____
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
27th day of January, 2011.

---

[4] No substitute counsel will be appointed. Should Hemphill wish to seek further review of these cases by the Texas Court of Criminal Appeals, he must either retain an attorney to file petitions for discretionary review or file pro se petitions for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3; 68.7. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.